**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| BEN LAPIN, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br>  vs.<br><br>TUPPERWARE BRANDS CORPORATION, PATRICIA A. STITZEL, CHRISTOPHER D. O'LEARY, CASSANDRA HARRIS, and MICHAEL POTESHMAN,<br><br>      Defendants. | **Case No. 6:20-cv-00357-GAP-GJK**<br><br>**MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOVANT SRIKALAHASTI M. VAGVALA TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE SELECTION OF COUNSEL**<br><br>CLASS ACTION |
| STEWART SCHREIBER and KAREN SCHREIBER, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br>  vs.<br><br>TUPPERWARE BRANDS CORPORATION, PATRICIA A. STITZEL, CHRISTOPHER D. O'LEARY, CASSANDRA HARRIS, and MICHAEL POTESHMAN,<br><br>      Defendants. | **Case No. 6:20-cv-00507-GAP-GJK**<br><br>CLASS ACTION |

| | |
|---|---|
| **THE ROSEN LAW FIRM, P.A.**<br>Laurence M. Rosen, Esq., Fla. Bar No. 0182877<br>Phillip Kim, Esq. (*pro hac vice to be filed*)<br>275 Madison Avenue, 40th Floor<br>New York, New York 10016<br>Telephone: (212) 686-1060<br>Fax: (212) 202-3827<br>Email: lrosen@rosenlegal.com<br>Email: pkim@rosenlegal.com<br>*[Proposed] Lead Counsel for Proposed Lead Plaintiff and Class* | **SAXENA WHITE P.A.**<br>Brandon Grzandziel, Fla. Bar No. 58732<br>7777 Glades Road, Suite 300<br>Boca Raton, FL 33434<br>Telephone: (561) 394-3399<br>Fax: (561) 394-3382<br>Email: brandon@saxenawhite.com<br>*[Proposed] Liaison Counsel for Proposed Lead Plaintiff and Class* |

# **TABLE OF CONTENTS**

MEMORANDUM OF LAW ................................................................................................ 1

INTRODUCTION AND BACKGROUND ........................................................................ 2

ARGUMENT ........................................................................................................................ 5

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ............................ 5

II.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ................................ 6

        A.     MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE ................................................................................... 7

        B.     MOVANT HAS THE LARGEST FINANCIAL INTEREST IN THE ACTION ................................................................................................ 7

        C.     MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE ................................. 8

             1.    Movant's Claims are Typical ............................................................ 9

             2.    Movant Is Adequate ......................................................................... 10

        D.     MOVANT IS PRESUMPTIVELY THE MOST ADEQUATE PLAINTIFF ............................................................................................... 10

III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED ............. 11

CONCLUSION .................................................................................................................... 12

# **TABLE OF AUTHORITIES**

Page(s)

Cases

*Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*,
   2007 WL 170556 (M.D. Fla. Jan. 18, 2007) .................................................................. 8

*In re Bally Total Fitness, Sec. Litig.*,
   2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ................................................................... 8

*In re Cendant Corp. Litig.*,
   264 F.3d. 201 (3d Cir. 2001) ....................................................................................... 10

*In re Comverse Technology, Inc. Secs. Litig.*,
   2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ................................................................... 8

*In re Fuwei Films Sec. Litig.*,
   247 F.R.D. 432 (S.D.N.Y. 2008) ............................................................................... 8, 9

*In re Livent, Inc. Noteholders Sec. Litig.*,
   210 F.R.D. 512 (S.D.N.Y. 2002) .................................................................................. 9

*In re Olsten Corp. Secs. Litig.*,
   3 F. Supp.2d 286 (E.D.N.Y. 1998) ................................................................................ 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) .................................................................................... 9

*Lax v. First Merchants Acceptance Corp.*,
   1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .................................................................. 8

*Plumbers & Pipefitters Local 51 Pension Fund v. Darden Restaurants, Inc.*,
   No. 608-CV-388-ORL-19DAB, 2008 WL 2608111 (M.D. Fla. July 1, 2008) ............ 11

*Sherleigh Associates, LLC v. Windmere-Durable Holdings, Inc.*,
   184 F.R.D. 688 (S.D. Fla. 1999) ................................................................................... 7

Statutes
15 U.S.C. §78u-4(a)(3) ................................................................................... 1, 6, 7, 8, 11

Rules
Fed. R. Civ. P. 23 42(a) ............................................................................................. 7, 8, 9, 10
Fed. R. Civ. P. 42 (a) ............................................................................................................. 6

## MOTION

Plaintiff Srikalahasti M. Vagvala ("Movant"), pursuant to Section 21D of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), hereby moves this honorable Court on a date and at such time as may be designated by the Court, for an Order: (1) consolidating the related Securities Class Actions; (2) appointing Movant as Lead Plaintiff; and (3) approving the Movant's selection of The Rosen Law Firm, P.A. to serve as Lead Counsel and Saxena White P.A. to serve as Liaison Counsel for the Class; and (4) granting such other and further relief the Court may deem just and proper.

In support of this Motion, Movant submits herewith a Memorandum of Law, the Declaration of Brandon Grzandziel, and a [Proposed] Order, all dated April 27, 2020.

Local Rule 3.01(g) requires a conference of counsel prior to filing motions. Due to the lead plaintiff procedure of the PSLRA, however, Movant does not yet know which other entities or persons plan to move for appointment as lead plaintiff until after all movants have filed their respective motions. Under these circumstances, Movant respectfully requests that the conferral requirement of Local Rule 3.01(g) be waived with respect to this Motion.

## MEMORANDUM OF LAW

Plaintiff Srikalahasti M. Vagvala ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

1

(1) consolidating the related Securities Class Actions;

(2) appointing Movant as Lead Plaintiff for the class of all purchasers or otherwise acquired the securities of Tupperware Brands Corporation ("Tupperware" or the "Company") between January 30, 2019, and February 24, 2020, inclusive (the "Class Period"); and

(3) approving Movant's selection of The Rosen Law Firm, P.A. to serve as Lead Counsel and Saxena White P.A. to serve as Liaison Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On February 25, 2020, the first of these cases was filed in the United States District Court for the Central District of California, styled as *Jared Bertrim v. Tupperware Brands Corporation, et al.*, Case No. 2:20-cv-01798 (C.D. Cal.).[1] The *Bertrim* Action alleges violations under the Exchange Act against the same defendants and for the same Class Period. That same day, an early notice pursuant to the PSLRA advising class members of, inter alia, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Declaration of Brandon Grzandziel ("Grzandziel Decl."), Ex. 1, filed herewith.

Thereafter, two related actions were filed in this Court. The *Lapin* action, was commenced in this Court on February 28, 2020, against Tupperware and certain of its officers for violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. The related *Schreiber* action was commenced on March 20,

---

[1] Movant intends to file a similar lead plaintiff motion in that action.

2020, alleging violations under the Exchange Act against the same defendants and for the same Class Period. The *Lapin* and *Schreiber* actions are collectively the related Securities Class Actions.

Tupperware is a direct-to-consumer marketer of products sold around the world. Its brands include Tupperware, Avroy Shlain, Fuller, NaturCare, Nutrimetics, and Nuvo.

The complaints allege that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about Tupperware's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) Tupperware lacked effective internal controls; (2) there were accounting irregularities relating to the Company's Fuller Mexico business; (3) consequently, Tupperware would need to investigate those accounting irregularities and be unable to timely file its 2019 annual report; (4) Tupperware would need relief from its $650 million Credit Agreement; (5) Tupperware provided overvalued earnings per share guidance; and (6) as a result of the above, Defendants' public statements were materially false and/or misleading at all relevant times. When the true details entered the market, the lawsuit claims that investors suffered damages.

The Class Period begins on January 30, 2019. On that day, the Company issued a press release announcing its fourth quarter 2018 financial results providing a full-year 2019 guidance of $3.86 to $4.01 GAAP EPS (compared to $3.11 from full-year 2018).

On February 26, 2019, Tupperware filed a Form 10-K for its fiscal year ended December 29, 2018 with the SEC, which provided the Company's financial results and was signed by Defendants Patricia A. Stitzel ("Stitzel") and Michael Poteshman

("Poteshman"). The February 26, 2019, Form 10-K contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 by Defendants Stitzel and Poteshman attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

On April 24, 2019, Tupperware issued a press release announcing its second quarter 2019 financial results and providing a full-year 2019 guidance of $3.65 to $3.76 GAAP EPS (compared to $3.11 from full-year 2018). On October 30, 2019, Tupperware issued a press release announcing its third quarter 2019 results and providing full-year 2019 guidance of $1.93 to $1.99 GAAP EPS (compared to $3.11 from full-year 2018).

On November 6, 2019, Tupperware filed a Form 10-Q for the quarterly period ended September 28, 2019, with the SEC (the "3Q 2019 10-Q"), which provided the Company's financial results and position. The 3Q 2019 10-Q also announced the $650 million Credit Agreement, an amendment to its September 2013 credit agreement which increased the aggregate amount that may be borrowed.

Then on February 24, 2020, when the Company issued a press release (the "February 24 Press Release") announcing that the Company "will file a Form 12b-25 Notification of Late Filing with the Securities and Exchange Commission to provide a 15-calendar day extension within which to file its Form 10-K for the fiscal year ended December 28, 2019", which stated further "[t]he Company is conducting an investigation primarily into the accounting for accounts payable and accrued liabilities at its Fuller Mexico beauty business to determine the extent to which these matters may further impact results and to assess and enhance the effectiveness of internal controls at this

business." The February 24 Press Release also stated the following regarding the Fuller Mexico issues: "This matter is $9-11 million of the total expected $19-21 million full-year impact on an adjusted* pre-tax basis. In addition, total impairments for Fuller Mexico are expected to be approximately $31 million. The total pre-tax impact for 2019 is approximately $50- $52 million."

The February 24 Press Release also stated the following regarding the $650 million Credit Agreement: "the Company is forecasting a need for relief concerning its existing leverage ratio covenant in its $650 million Credit Agreement dated March 29, 2019 (the "Credit Agreement"), to avoid a potential acceleration of the debt, which could have a material adverse impact on the Company."  Further, the February 24 Press Release also announced the following regarding the $650 million Credit Agreement: "In connection with the amendment, the Company and certain of its subsidiaries will provide additional collateral and subsidiary guarantees."

On this news, the Company's stock price fell $2.61 per share, or over 45%, to close at $3.11 per share on February 25, 2020.  As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary

cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by substantially similar Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the related Securities Class Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA set forth procedures for the selection of Lead Plaintiff in class actions brought under the Act. The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group…" that:

(aa) has either filed the complaint or made a motion in response to a notice...;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Sherleigh Associates, LLC v. Windmere-Durable Holdings, Inc.*, 184 F.R.D. 688, 693 (S.D. Fla. 1999).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

### A. MOVANT IS WILLING TO SERVE AS CLASS REPRESENTATIVE

Movant Srikalahasti M. Vagvala is a sophisticated businessperson. He is the Co-Founder of a global software-enabled, next-generation network and engineering company founded in 2007 and based in King of Prussia, PA. *See* Grzandziel Decl. Ex. 3, Vagvala Declaration (the "Vagvala Decl."). He has timely filed this motion pursuant to the early notice and, as set forth in his certification filed concurrently herewith, attests that he has reviewed the Complaint and is willing to serve as representative of the class. *See* Grzandziel Decl. Ex. 2. Mr. Vagvala also reiterated his commitment and willingness to serve as Lead Plaintiff in his Declaration. *See* Vagvala Decl. ("I am committed to prosecuting this action to maximize the recovery for all Tupperware investors."). Accordingly, Movant has satisfied the first requirement to serve as Lead Plaintiff for the class.

### B. MOVANT HAS THE LARGEST FINANCIAL INTEREST IN THE ACTION

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person … that . . . has the largest financial interest in the relief sought by the class" 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Edward J. Goodman Life Income Tr. v. Jabil Circuit, Inc.*, 2007 WL 170556, at *3 (M.D. Fla. Jan. 18, 2007). In determining the movant with the largest financial interest, Courts have employed the *Olsten/Lax* analysis: (1) the number of shares purchased during the class period; (2) the net number of shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period. *In re Comverse Technology, Inc. Secs. Litig.*, 2007 WL 680779 * 3 (E.D.N.Y. Mar. 2, 2007) (*citing Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036 * 5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).

Of the *Lax/Olsten*-styled factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960, at * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $10,365,052.57 in connection with his purchases of Tupperware securities. *See* Grzandziel Decl. Ex. 4. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff

must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *In Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by

9

issuing false and misleading statements about Tupperware's business and financial condition. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litig.*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, as noted above, Movant is a sophisticated businessperson who has attested to this commitment to prosecute this action. *See* Vagvala Decl. Movant has researched and retained competent and experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. *See* Vagvala Decl. Movant is not aware that any conflict exists between their claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Tupperware securities and is therefore, extremely motivated to pursue claims in this action.

### D. MOVANT IS PRESUMPTIVELY THE MOST ADEQUATE PLAINTIFF

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly adequately protect the interest of the class; or

>> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Movant has suffered substantial financial losses and has the largest financial interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against it that would render Movant inadequate to represent the Class.

Thus, the close alignment of interests between Movant and other class members, as well as his strong desire to prosecute this action on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

## III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Plumbers & Pipefitters Local 51 Pension Fund v. Darden Restaurants, Inc.,* 2008 WL 2608111, at *2 (M.D. Fla. July 1, 2008) (when a law firm has prosecuted securities class actions in the past successfully, courts will generally not interfere with a lead plaintiff movant's choice of counsel.).

Movant has selected The Rosen Law Firm, P.A. to serve as Lead Counsel and Saxena White P.A. to serve as Liaison Counsel for the Class. The Rosen Law Firm has

been actively researching the class plaintiffs' claims, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the Defendants, including filing the first securities class action, the *Bertrim* Action. Furthermore, The Rosen Law Firm, P.A. is experienced in the area of securities litigation and class actions and has successfully prosecuted securities litigation and securities fraud class actions on behalf of investors in courts across the country. *See* Grzandziel Decl., Ex. 5. Recently Institutional Shareholder Services, issued their "The Top 50 of 2019," where The Rosen Law Firm, P.A. was ranked number 3 in the nation with a total of $483,340,000 in securities class action settlements in 2019.[2] Likewise, Saxena White P.A. possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class action on behalf of injured investors in this Court and in courts across the country. *See* Grzandziel Decl., Ex. 6.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the related Securities Class Actions; (2) appointing Movant as

---

[2] *See,* https://www.issgovernance.com/library/the-top-50-of-2019/

Lead Plaintiff for the Class; (3) approving Movant's selection of The Rosen Law Firm, P.A. to serve as Lead Counsel and Saxena White P.A. to serve as Liaison Counsel for the Class; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: April 27, 2020                    Respectfully submitted,

**SAXENA WHITE P.A.**

/s/ *Brandon Grzandziel*
Brandon Grzandziel, Fla. Bar No. 58732
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Fax: (561) 394-3382
Email: brandon@saxenawhite.com

*[Proposed] Liaison Counsel for Proposed Lead Plaintiff and Class*

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq., Fla. Bar No. 0182877
Phillip Kim, Esq. (*pro hac vice to be filed*)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Proposed Lead Plaintiff and Class*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 27, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ *Brandon Grzandziel*
Brandon Grzandziel
