UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**IN RE TUPPERWARE BRANDS
CORPORATION SECURITIES
LITIGATION**                                  Case No.  6:20-cv-357-Orl-31GJK

REPORT AND RECOMMENDATION[1]

This cause came on for consideration, after a hearing, on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOVANT SRIKALAHASTI M. VAGVALA TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE SELECTION OF COUNSEL**<br><br>(Doc. No. 30) |
| **FILED:** | **April 27, 2020** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

### I.     BACKGROUND.

On February 28, 2020, a class action Complaint was filed against Tupperware Brands Corporation and multiple individual defendants alleging claims under the Securities Exchange Act of 1934, sections 10(b) and 20(a) (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 (17 C.F.R. § 240.10b-5).  Doc. No. 1.  On April 27, 2020, Srikalahasti M. Vagvala filed a Motion to Consolidate Related Actions, be Appointed Lead Plaintiff and Approve his Selection of Lead Counsel (the

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

"Motion") pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4.[2] Doc. No. 30. On May 8, 2020, the Court issued an Order directing Mr. Vagvala, as the presumptive lead plaintiff, to file a supplemental response answering questions posed by the Court regarding his chosen counsel.[3] Doc. No. 47. On May 15, 2020, Mr. Vagvala filed supplemental declarations in support of the Motion. Doc. Nos. 49, 50. On May 22, 2020, the parties appeared telephonically at a hearing on the Motion. Doc. No. 57.

## II. APPLICABLE LAW.

The PSLRA sets forth the procedures required in class actions alleging violations of federal securities laws. *See* 15 U.S.C. § 78u-4. The PSLRA provides, in pertinent part, that no later than twenty days after the complaint is filed, the plaintiff must publish notice of the pendency of the action to the purported plaintiff class. *Id.* § 78u-4(a)(3)(A). No later than sixty days after publication, any member of the purported class may move to serve as lead plaintiff of the purported class. *Id.* § 78u-4(a)(3)(A)(i)(II).

The Court shall appoint as lead plaintiff the member of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members [i.e., the 'most adequate plaintiff'] . . . ." *Id.* § 78u-4(a)(3)(B)(i). The Court must presume that the most

---

[2] The request for consolidation was granted via separate order. Doc. No. 46.
[3] The Court asked the following questions:
   1. How did you select counsel?
   2. What fee arrangement did you negotiate with counsel?
   3. What is your prior relationship, if any, with these attorneys?
   4. Who are the individual attorneys who will be handling this case and what are their specific qualifications and experience?
   5. Why is "liaison counsel" suggested here? What non-duplicative role is liaison counsel expected to play?
   6. What staffing arrangements are contemplated more generally to avoid duplication, inefficiency, and to assure legal work is performed by those with appropriate levels of experience (for example, no partner level billing for routine document reviews)?

Doc. No. 47.

adequate plaintiff is a person that: (1) either filed the complaint or filed a motion in response to the notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. *Id.* § 78u-4(a)(3)(B)(iii). In determining which plaintiff has the greatest financial interests in the class, courts typically look to the following factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Luczak v. Nat'l Bev. Corp.*, No 18-cv-61631, 2018 U.S. Dist. LEXIS 229976, at *3 (S.D. Fla. Oct. 12, 2018). "With respect to Rule 23 requirements, a proposed Lead Plaintiff must establish that its claims are typical of the class, and that it would be an adequate representative." *Molema v. Bio-One Corp.*, No. 6:05-cv-1859-Orl-22DAB, 2006 WL 1733859, at *2 (M.D. Fla. June 20, 2006).

Under the PSLRA, the lead plaintiff selects and retains counsel to represent the class, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). "The decision to approve counsel selected by the Lead Plaintiff is a matter within the Court's discretion and is by no means automatic." *Molema*, 2006 WL 1733859, at *2. "Approval of lead counsel necessarily requires an independent evaluation of, among other considerations, the effectiveness of proposed class counsel to ensure the protection of the class." *Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1315 (M.D. Fla. 2000).

### III.   ANALYSIS.

#### A.   Lead Plaintiff

Mr. Vagvala filed his Motion within the required time period in response to the notice. Doc. Nos. 30, 31-1. Mr. Vagvala has the largest financial interest in the relief sought by the class.[4] Doc.

---

[4] Mr. Vagvala lost approximately $10,000,000 in connection with his purchases of Tupperware securities during the

3

Nos. 30 at 12, 31-4 at 39. Mr. Vagvala is willing to serve as the lead plaintiff and is a sophisticated businessman who is the co-founder of a technology and engineering services company in Pennsylvania. Doc. Nos. 30 at 7, 31-3. Mr. Vagvala is accustomed to managing complex projects and people, and he has experience dealing with attorneys. Doc. No. 50 at 1. Mr. Vagvala's claims are typical of the claims of all potential plaintiffs in this class action as set forth in the Complaint and he is an adequate representative. Doc. No. 30 at 13. The Court recommends Mr. Vagvala be appointed lead plaintiff.

### B. *Lead Counsel*

Mr. Vagvala seeks approval of The Rosen Law Firm, P.A. (the "Rosen Law Firm") as lead counsel and Saxena White, P.A. ("Saxena White") as liaison counsel. Doc. No. 30 at 15. Mr. Vagvala has negotiated a contingency fee agreement with the Rosen Law Firm for an all-in contingency fee of 30% for attorney's fees and expenses. Doc. No. 50 at 2. Both firms seeking approval have extensive experience litigating securities class actions. Doc. Nos. 31-5, 31-6.

Attorney Jacob Goldberg of the Rosen Law Firm will serve as lead counsel. Doc. No. 49 at 2-3. Mr. Goldberg is a 1992 graduate of Temple University School of Law. *Id.* at 2. He is a partner at the Rosen Law Firm and has extensive securities litigation experience. *Id.* at 3. The Supplemental Declaration highlights six securities class actions in which Mr. Goldberg was lead counsel, and in which significant settlements were secured. *Id.* at 3; *see also* Doc. No. 31-5 at 3.

Attorney Gonen Haklay of the Rosen Law Firm will serve as Case Manager, handling the day to day litigation of this case. Doc. No. 49 at 2. Mr. Hakley is a 1995 graduate of Stanford University Law School. *Id.* at 3. He has worked in private practice and also spent twelve years as a prosecutor

---

relevant class period. Doc. Nos. 30 at 12; 31-4.

with the Philadelphia District Attorney's Office. *Id.*; Doc. No. 31-5 at 6. Mr. Haklay has significant criminal trial experience, having handled over 100 jury trials, and he has also litigated ten asbestos cases as a private practitioner. Doc. Nos. 31-5 at 6; 49 at 2.

Attorney Brandon Grzandziel will serve as liaison counsel on behalf of Saxena White. *Id.* Mr. Grzandziel is a 2008 graduate of the University of Miami Law School. Doc. Nos. 31-6; 49 at 4. He has significant experience litigating securities class actions and shareholder derivative actions. *Id.*

To avoid inefficiencies and duplicative efforts, the Rosen Law Firm generally assigns legal research, routine motions, and first drafts of discovery to junior associates. Doc. No. 49 at 2. Project attorneys handle document review. *Id.* Saxena White will be used as a resource in Florida for investigative and discovery purposes as Defendant Tupperware Brands Corporation is located in Florida. *Id.* at 4. The firm will serve as local counsel. *Id.* Given its experience in securities litigation, Saxena White may also be assigned other discrete, non-duplicative tasks. *Id.*

At the hearing, the Court expressed two concerns which counsel was asked to address. The first was whether any of the proposed attorneys had tried this kind of case to verdict. While trials are rare in cases such as these, it is always a possibility, indeed trials are the presumed object of litigation. Of the three attorneys, only Mr. Haklay possesses any kind of significant trial experience, and none of the individual attorneys have conducted a trial in a securities class action. Mr. Goldberg has reached the summary judgment stage in a securities class action and has handled appeals as well. Mr. Grzandziel has had similar, but more limited, experience.

The Court's second concern was understanding the proposed role of liaison counsel. The Rosen Law Firm expects Saxena White to act as "boots on the ground" local counsel. Doc. No. 49 at

4. But, as a practical matter, Mr. Grzandziel's office is located in South Florida, not in the Middle District where both the case and Defendant Tupperware Brands Corporation are located.

The Court finds the proposed class counsel from both the Rosen Law Firm and Saxena White are well-credentialed, have significant securities litigation experience, and should serve as effective representation for the entire class despite not having experience taking a securities class action case to trial. Saxena White's background in securities litigation and Mr. Grzandziel experience managing other securities class action cases in the Middle District (despite his distance from Orlando) support the use of Saxena White as local counsel. Accordingly, the Court recommends the Rosen Law Firm be approved as lead counsel and Saxena White be approved as local counsel.

At the hearing, the parties also addressed some initial case management concerns. Mr. Vagvala's counsel advised that an Amended Complaint would be filed after Mr. Vagvala was appointed lead plaintiff. Further, counsel noted the PSLRA imposes an automatic stay of discovery pending resolution of any pending motion to dismiss which will likely to be filed by Defendants in response to the Amended Complaint.[5] Based upon the anticipated filing of an Amended Complaint and a likely motion to dismiss in response, the Court recommends that deadlines be set for filing an amended complaint and that discovery be formally stayed pending resolution of the anticipated

---

[5] The PSLRA provides that: "In any private action arising under this title all **discovery** and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized **discovery** is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). The automatic stay serves two main purposes:

> (1) to prevent the imposition of any unreasonable burden on a defendant before disposition of a motion to dismiss the complaint; and (2) to avoid the situation in which a plaintiff sues without possessing the requisite information to satisfy the PSLRA's heightened pleading requirements, then uses discovery to acquire that information and resuscitate a complaint that would otherwise be dismissed.

*Dusek v. JP Morgan Chase & Co.,* No. 2:14-cv-184, 2015 U.S. Dist. LEXIS 64981, *6-7 (S.D. Fla. Jan. 21, 2015) (quoting *Sarantakis v. Gruttaduaria*, No. 02 C 1609, 2002 U.S. Dist. LEXIS 14349, at *4-5 (N.D. Ill. Aug. 5, 2002)).

motion to dismiss.[6] A schedule for matters related to class certification issues (*e.g.,* discovery, class definition, motion practice) can be established at that point as well.

Accordingly, the Court **RECOMMENDS** that the Motion (Doc. No. 30) be **GRANTED as follows:**

1. Srikalahasti M. Vagvala be appointed lead plaintiff in this matter;
2. Attorney Jacob Goldberg (with assistance and support from The Rosen Law Firm) be approved as lead counsel;
3. Attorney Brandon Grzandziel (with assistance and support of Saxena White) be approved as local counsel;
4. Mr. Vagvala be provided **twenty-eight (28) days** from the date of any order approving this Report and Recommendation to file an Amended Complaint;
5. Defendants be provided **twenty-one (21) days** from the date the Amended Complaint is served to file a response to the Amended Complaint; and
6. Discovery be stayed pending disposition of any motion to dismiss filed in response to the Amended Complaint or other order of the Court.

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection, thereby expediting the District Judge's review of the matter.**

---

[6] On May 26, 2020, the Court entered an order deferring Defendants' response to the original complaint until an amended complaint was filed and deferring the case management conference as well. Doc. Nos. 56, 58.

**RECOMMENDED** at Orlando, Florida on May 27, 2020.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies to:
District Judge
Courtroom Deputy
Counsel of Record